IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRANKLIN ROUNDTREE, | : | CIVIL ACTION NO. |
| Clayton Cnty. ID # 1677498, | : | 1:13-CV-02953-WSD-JCF |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR HILL, Clayton Cnty. Sheriff, | : | PRISONER HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2241 |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Petitioner filed a 28 U.S.C. § 2241 habeas corpus petition, undated but docketed on September 3, 2013, seeking his immediate release from the Clayton County Detention Center ("CCDC"), where he claims he has been held since his arrest on February 24, 2013, on charges of kidnapping, aggravated stalking, and cruelty to children. (Doc. 1). The Court ordered Petitioner to provide information about his attempts, if any, to exhaust his state court remedies before seeking federal habeas relief. (Doc. 2). Petitioner responded in an undated pleading, docketed on October 23, 2013, that after he filed his § 2241 petition in September he filed "motions with the State Court according to *O'Sullivan v. Boerckel*" and he has "been to court twice since [filing] this motion [sic] and the state still refuse[s] to give [him] a bond or release [him]." (Doc. 3 at 3).

Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). Because it is apparent from Petitioner's pleadings that he has not exhausted his available state court remedies through one complete round of Georgia's appellate review process, **IT IS RECOMMENDED** that his petition be **DISMISSED without prejudice**.

I. <u>Discussion</u>

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). And a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same, citing *Boerckel*).

These principles apply in the § 2241 context because a fundamental prerequisite for federal habeas relief is that the petitioner must first exhaust all other remedies available to him. *See Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the judicially created exhaustion requirement, although codified at 28 U.S.C. § 2254(b) for collateral attacks on state court convictions, "applies to all habeas corpus actions"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) (noting that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their [other available] remedies").

Petitioner has remedies available to him in state court via habeas corpus and mandamus. *See Rawls v. Hunter*, 475 S.E.2d 609, 609-10 (Ga. 1996) (reversing Georgia Court of Appeals and ordering bond set for detainee who had "filed a pre-trial habeas and mandamus action contending he was illegally denied bond after being incarcerated more than 90 days without being indicted"). It is apparent from Petitioner's pleadings that he has not pursued these remedies through one complete round of Georgia's appellate review process. His federal habeas petition should be

3

dismissed.

## II.     Certificate of Appealability

When challenging detention, including a probationary sentence, arising out of process issued by a State court, a federal habeas petitioner must obtain a certificate of appealability ("COA") before appealing the denial of his petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the

district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted).  Because jurists of reason would not find it debatable that Petitioner's federal habeas petition should be dismissed for lack of exhaustion, a certificate of appealability is not warranted here.

### III.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS without prejudice** Petitioner's 28 U.S.C. § 2241 petition for a writ of habeas corpus (Doc. 1) and **DENY** him a certificate of appealability.  Petitioner's request for leave to proceed *in forma pauperis* is **GRANTED**.  (*See* Doc. 3 at 1-2, 4-5).

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED, ORDERED AND DIRECTED** this 30th day of October, 2013.

　　　　　　　　　　　　　　　　　　/s/ *J. CLAY FULLER*
　　　　　　　　　　　　　　　　　　J. CLAY FULLER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge