IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FRANKLIN ROUNDTREE,

             Petitioner,

v.                                   1:13-cv-2953-WSD

VICTOR HILL, Clayton Cnty. Sherriff,

             Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [4] on Petitioner Franklin Roundtree's ("Petitioner") petition for habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition").

**I.   BACKGROUND[1]**

Petitioner's *pro se* Petition, which is undated but docketed on September 3,

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings" (emphasis in original).

2013, seeks habeas corpus relief provided by 28 U.S.C. § 2241.  On September 11, 2013, the Magistrate Judge ordered Petitioner to provide information about his attempts, if any, to exhaust his state court remedies before seeking federal habeas relief.  On October 23, 2013, Petitioner responded that, after he filed his section 2241 petition in September, he filed "motions with the State Court according to *O'Sullivan v. Boerckel*" and he has "been to court twice since [filing] this motion [sic] and the state still refuse[s] to give [him] a bond or release [him]."

On October 30, 2013, the Magistrate Judge issued his R&R, finding that the Petition is required to be dismissed without prejudice because Petitioner had not exhausted his state court remedies.  The Magistrate Judge further recommended that a certificate of appealability not be issued because reasonable jurists could not disagree that the Petition should be dismissed for lack of exhaustion.

On November 7, 2013, Petitioner submitted a letter to the Court, which the Clerk construed as objections to the R&R.  In it, Petitioner argues the merits of his habeas petition, reiterating that he "filed several motions with the Superior Court of Clayton [C]ounty[.]"  Petitioner added that he "wrote several letters to [the Court]" and "filed a Discharge and Acquital [sic], Indict [or] Release…[and] a motion seeking a bond[.]"

Petitioner did not object to the specific findings and recommendations in the

R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Petitioner did not raise specific objections to any of the findings, conclusions, or recommendations in the R&R, and the Court reviews them for plain error.[2]

---

[2] Liberally construing Petitioner's *pro se* objections, the Court finds that Petitioner did not assert any specific objections to the findings and recommendations in the R&R.  See Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings a recommendation to which objection is made and the specific basis for objection"); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (in a § 2254 petition, "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous,

3

B.   Analysis

A pre-trial detainee in Georgia may seek a writ of habeas corpus. See O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint."). Georgia permits a petitioner, whose habeas petition is not granted, to appeal the denial of habeas relief. See O.C.G.A. § 5-6-34(a)(7) ("Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state: All judgments or orders granting or refusing to grant mandamus or any other extraordinary remedy, except with respect to temporary restraining orders.").

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting Boerckel). In Boerckel, the Court

---

conclusive, or general objections need not be considered by the district court"). Petitioner's objections do not reference the R&R's dispositive finding that Petitioner has not exhausted his state court remedies.

considered a habeas petition that was filed after the defendant's conviction, under 28 U.S.C. § 2254; but the fundamental prerequisite that the petitioner must first exhaust all other available remedies before seeking federal habeas relief applies also to petitions brought under section 2241.  See Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ( "Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their [other available] remedies").

The Magistrate Judge determined that Petitioner did not exhaust Georgia's appellate processes for a state habeas petition, and thus Petitioner has state court remedies still available to him.  Petitioner did not object to this finding.  Because Petitioner did not exhaust his state court appeals processes, the Magistrate Judge recommended that Petitioner's habeas Petition be dismissed.  The Court finds no plain error in this recommendation.

A federal habeas petitioner must first obtain a certificate of appealability ("COA") before appealing the denial of his petition. 28 U.S.C. § 2253(c)(1)(A).  A COA may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

The United States Supreme Court has noted that, when a habeas petition is dismissed on procedural grounds "without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim . . . *and* . . . whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis in Jimenez but not in Slack).

The Magistrate Judge determined that reasonable jurists could not disagree that Petitioner's habeas Petition is required to be dismissed based on lack of exhaustion. The Magistrate Judge thus recommended that a COA not be issued. The Court finds no plain error in this recommendation.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [4] is **ADOPTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 16th day of January, 2014.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE